[No. 2150.  Decided May 27, 1896.]

JOHN C. PERCIVAL, *Appellant,* v. THE COUNTY OF THURSTON *et al., Respondents.*

TAXATION — PERSONAL PROPERTY — IMPROVEMENTS ON PUBLIC LANDS.

Taxes on personal property are not within the contemplation of Laws 1895, p. 67, remitting penalty and interest on taxes due in 1893 and 1894.

The improvements contemplated by Laws 1893, p. 323, § 3, providing that personal property for the purposes of taxation shall be construed to include all improvements on land, the fee of which is still vested in the United States or the State of Washington, include improvements upon lands, the title to which can never be acquired by the parties making the improvements.

Appeal from Superior Court, Thurston County.— Hon. T. M REED, JR., Judge.  Affirmed.

*T. N. Allen,* for appellant.

*Milo A. Root,* for respondents.

The opinion of the court was delivered by

GORDON, J.—Appellant commenced this action December 20, 1895, to restrain the county of Thurston

and George Gelbach, treasurer (respondent), from selling certain improvements upon tide lands within the harbor line area of the harbor of Olympia, as afterwards established, for the taxes assessed against said improvements during the year 1893. The improvement in question is a large dock, wharf and warehouse, erected by appellant prior to March 26, 1890, and used by him for the purposes of trade and commerce. The lower court upon the hearing rendered judgment dismissing the action, from which judgment the case is brought here by appeal.

Two errors are assigned and relied upon by appellant for reversal. It is first insisted that appellant was entitled to an injunction because the respondent treasurer was threatening to proceed and sell said improvement prior to April 1, 1896. This contention is based upon §§ 3 and 4 of the act of March 8, 1895, relating to payment of taxes due in 1893 and 1894. (Laws 1895, p. 67). Counsel for the appellant concedes in his brief, however, that that act in terms applies only to taxes levied upon real estate, but he argues that

"The equity of the act would make it applicable to personal property also, as there could be no fairness or equality in putting an owner of the one kind of property on a different footing from an owner of the other kind in respect to the time when compulsion may be resorted to in the collection of taxes."

Whether taxes assessed against personal property shall be put upon an equal footing with real estate taxes in so far as time is given the owner in which to make payment, is a question for the legislature and not for the courts to determine.

2. It is next contended that the improvement in question is not taxable at all. This contention is

based upon the fact that the title to the land upon which the improvement rests is in the state, and that while the record shows that appellant has applied for a lease thereof, it further appears that his application has not been acted upon by the board of land commissioners having jurisdiction thereof.

Sec. 3 of the act of March 15, 1893 (Laws 1893, p. 323), provides that

"Personal property for the purposes of taxation shall be construed to embrace and include   .   .   .  . all improvements upon lands, the fee of which is still vested in the United States, or in the State of Washington."

Sec. 5 of the same act defines what property is exempt from taxation. While the appellant concedes that the improvement in question is personal property within the language of § 3, *supra*, he insists that it was not the intention of the legislature to tax the improvements located upon land the title to which could never be acquired by the party making such improvements, but that the "improvements" which the legislature intended should be taxed were only such as are placed upon land the title to which might thereafter be acquired by the owner of the improvement, and inasmuch as the constitution forbids the sale by the state of lands lying within the harbor lines it follows that the improvement made by appellant as above described is not taxable. We cannot agree with this contention. In Cooley on Taxation, p. 204, it is said that

"As taxation is the rule, and exemption the exception, the intention to make an exception ought to be expressed in clear and unambiguous terms ; and it cannot be taken to have been intended when the language of the statute on which it depends is doubtful or uncertain."

The improvement in question receives from this

government the same protection that is afforded other property, and we are unable to perceive any sufficient reason why it should not bear its share of the public burden. But, however this may be, it is enough to say that by the express language of the act this improvement is taxable and the propriety of the enactment is not a question for our consideration.

In short, we think that the statute itself furnishes the answer to appellant's contention, and the answer is conclusive. The lower court was right in denying the injunction prayed for and its judgment and order is affirmed.

HOYT, C. J., and ANDERS, DUNBAR and SCOTT, JJ., concur.