[No. 3571.   Decided December 3, 1900.]

GRAY'S HARBOR COMPANY, *Appellant,* v. CHEHALIS COUNTY *et al., Respondents.*

TAXATION—IMPROVEMENTS ON TIDE LAND.

Tide lands held under executory contract of sale from the state being taxable to the holder under the statutes, and Laws 1897, p. 136, § 2, providing that improvements shall be assessed together with the land upon which they are located, and not separately, a dock, or wharf and warehouse, located upon tide land held under a valid existing contract of purchase from the state cannot be assessed as personal property.

Appeal from Superior Court, Chehalis County.— Hon. CHARLES W. HODGDON, Judge. Reversed.

*Sidney Moor Heath,* for appellant.

24—23 WASH.

W. H. Abel, for respondents.

The opinion of the court was delivered by

REAVIS, J.—Suit to enjoin the collection of a tax levied in the year 1898 against a dock or wharf and warehouse situated upon tide lands held by plaintiff (appellant) under a contract of purchase from the state. The dock or wharf and warehouse were placed upon the tide lands in March, 1890. The contract between plaintiff and the state was made on the 8th day of May, 1896. The revenue law of 1897, p. 136, §2, provides for the assessment of the improvements together with land, and not separately. Counsel for respondents contends that the assessment of the dock or wharf and warehouse as personal property is authorized by §3, p. 323, Laws of 1893, which declares, "Personal property for the purposes of taxation shall be construed to embrace and include   *   *   *   all improvements upon lands, the fee of which is still vested in the United States or in the state of Washington," and in support of such construction refers to the case of *Percival v. Thurston County,* 14 Wash. 586 (45 Pac. 159). It appears that in that case no contract for the purchase of the tide land had been executed. Application for a contract had been made, but it had not been acted upon by the board of land commissioners having jurisdiction thereof. In the same statute, however, (p. 335, §26) it was enacted: "Property held under a contract for the purchase thereof, belonging to the state, county, municipality, and school and other state lands, shall be considered, for all purposes of taxation, as the property of the person so holding the same." Section 27 directs the assessment of improvements on public lands as personal property until the settler has made final proof and certificate is issued, and thereafter the land itself must be assessed.

In the case of *Washington Iron Works Co. v. King County,* 20 Wash. 150 (54 Pac. 1004), §26 of the act of 1893, *supra,* was under consideration, and it was there adjudged that lands held under contract to purchase from the state are considered property of the purchaser, and the lands as well as the improvements thereon are subject to taxation. The superior court found that the plaintiff neglected and refused to list the dock or wharf and warehouse for taxation as personal or real property. Plaintiff requested a finding that the wharf and warehouse were assessed as personal property, and not as improvements upon real property, and that, at the time, the plaintiff had an executory contract, being the ordinary tide-land contract, for the purchase of the tide lands upon which the wharf and warehouse were situated. Some testimony was adduced at the trial tending to show that the tide lands included in plaintiff's contract, and upon which the wharf and warehouse were situated, were assessed to plaintiff. The record shows that the tide lands upon which the wharf and warehouse were situated were in the possession of plaintiff under a valid contract of purchase from the state. It is apparent, therefore, that the dock and warehouse were improvements upon the tide lands, and, under the construction of the revenue law given in *Washington Iron Works Co. v. King County, supra,* they should have been included in the assessment of the tide lands. This showing that the tide lands were held by plaintiff under a valid existing contract of purchase from the state is sufficient in itself to point out the method of assessment and taxation, and that the listing of the dock and warehouse separately as personal property was improper. It would be, to the extent of the assessment of the personal property, a double tax upon the owner of the tide lands, which is not in the contemplation of the statute.

The judgment must be reversed, with direction to enter a decree enjoining the collection of the tax levied upon the dock or wharf and warehouse.

DUNBAR, C. J., and FULLERTON and ANDERS, JJ., concur.